**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | | | |
|---|---|---|---|
| GALE A. RACHUY, | : | | |
| | : | | |
| Plaintiff, | : | Civil Action No.: | 13-1508 (RC) |
| | : | | |
| v. | : | Document No.: | 27 |
| | : | | |
| DIRECTOR OF THE FEDERAL BUREAU | : | | |
| OF INVESTIGATION, *et al.*, | : | | |
| | : | | |
| Defendants. | : | | |

**<u>MEMORANDUM OPINION</u>**

This matter is before the Court on Defendants' Motion to Dismiss or Alternatively, for

Summary Judgment.  For the reasons discussed below, the motion will be granted.

**I.  BACKGROUND**

Plaintiff brings this action under the Freedom of Information Act ("FOIA"), *see* 5 U.S.C.

§ 552, against the United States Department of Justice ("DOJ").[1]  Generally, plaintiff demands

the release of records maintained by two DOJ components: the Executive Office for United

States Attorneys ("EOUSA") and the Federal Bureau of Investigation ("FBI").  *See* Complaint

("Compl.") ¶¶ 1, 4.

*A.  Request to the EOUSA*

Plaintiff initially submitted his FOIA request to the United States Attorney for the

Western District of Wisconsin, who forwarded it to the FOIA/PA Unit of the EOUSA for

---

[1]   Plaintiff names the Director of the FBI, the United States Attorney for the Freedom of
Information Division and the United States Attorney for the Western District of Wisconsin as
defendants in this action.  Because the FOIA applies only to executive branch agencies of the
federal government, *see* 5 U.S.C. § 552(f)(1), plaintiff cannot bring a FOIA claim against the
individuals he has named as parties to this suit.  *See Whittle v. Moschella*, 756 F. Supp. 589, 596
(D.D.C. 1991).  The Court therefore proceeds as if plaintiff had named the U.S. Department of
Justice as the sole defendant.

processing.  Memorandum of Points and Authorities in Support of Defendant's Motion to

Dismiss, or, Alternatively, for Summary Judgment, ECF No. 27-1 ("Def.'s Mem."), Declaration

of David Luczynski Concerning Fees and Supplemental Release, ECF No. 27-5 ("Supp.

Luczynski Decl.") ¶ 3.  The EOUSA received the request on June 29, 2012, and assigned the

matter a reference number, Request No. 12-2504.  Supp. Luczynski Decl. ¶ 4; *see id*., Ex. B

(Letter to plaintiff from Susan B. Gerson, Assistant Director, Freedom of Information & Privacy

Staff, EOUSA, dated June 29, 2012).  Plaintiff subsequently clarified his request to include not

only "investigative materials under his name in EOUSA's files," *id*. ¶ 5, but also "[a]ny Grand

Jury minutes, indictments, or any related documentation from January 1, 2010 to November 30,

2012 inclusive," *id*., Ex. C (Letter to United States Attorney – Western District of Wisconsin

from plaintiff dated November 30, 2012) at 1.  On September 13, 2013, the EOUSA released 118

pages of records in full and withheld 2 pages in full, relying on FOIA Exemptions 3, 5 and 7(C).

*Id*. ¶ 6; *see generally id*., Ex. D (Letter to plaintiff from Susan B. Gerson dated September 13,

2013).  The EOUSA released 14 additional pages of records on or about April 1, 2014.  *Id*. ¶ 7.

Due to an "apparent error" at the United States Attorney's Office for the Western District

of Wisconsin, *id*., Ex. E (Letter to David Luczynski from Richard D. Humphrey, Assistant

United States Attorney, Western District of Wisconsin, dated April 17, 2014) at 1, "additional

records responsive to plaintiff's request" subsequently were located, *id*. ¶ 7.  The FOIA Contact

at the Western District of Wisconsin forwarded to the EOUSA three boxes of documents in April

2014.  *Id*. ¶ 9.  After a cursory examination of the three boxes, each "nearly filled to capacity,"

the EOUSA estimated that it "received between 5500-6000 pages which may be responsive to

plaintiff's request and/or duplicative of responsive records previously released."  *Id*. ¶ 10.  Based

on the "EOUSA's cost for duplicating records [at] $0.10 per page [and] on the total page

estimate," fees would exceed $25.00.  *Id.* ¶ 11.  The EOUSA notified plaintiff of the anticipated

fees, informed him of "options designed to reduce the anticipated fees," and advised him that his

request would "not be considered received and further work [would] not be completed until [he]

agree[d] to pay the anticipated fees."  *Id.*; *see id.*, Ex. F (Letter to plaintiff from Susan B. Gerson

dated April 21, 2014) at 1.  Further, the EOUSA advised plaintiff of his opportunity to pursue an

administrative appeal of this determination to the DOJ's Office of Information Policy.  *Id.*, Ex. F

at 1.

       In anticipation of plaintiff's agreement to pay fees, the EOUSA continued to process the

records received from the United States Attorney's Office for the Western District of Wisconsin.

*Id.* ¶ 13.  It released in full 500 pages of records on June 25, 2014, *id.* ¶ 17, and "released [an]

additional 500 pages of records" on July 7, 2014, *id.* ¶ 18, along with a letter informing plaintiff

that his "request [would] be closed and any future requests for records will be rejected until

payment is received," *id.*, Ex. H (Letter to plaintiff from Susan B. Gerson dated July 7, 2014) at

1.  As of July 29, 2014, the date of the supporting declaration, the "EOUSA had not received any

communication from the plaintiff regarding the additional release [or] fees."  *Id.* ¶ 19.

### B. Requests to the FBI

#### 1.  FOIPA Request No. 1204483

       In his November 2012 FOIA request to the FBI, plaintiff sought reports maintained by its

Eau Claire, Wisconsin field office and, specifically, "reports concerning three (3) computers

which were taken into custody on December 28, 2007 . . . and delivered to the FBI Laboratory in

Milwaukee on or about that same date."  Def.'s Mem., Declaration of David M. Hardy, ECF No.

27-3 ("Hardy Decl."), Ex. A (Letter to David M. Hardy, Records/Information Dissemination,

FBI, from plaintiff dated November 30, 2012) at 1.  He also sought "reports of the investigations,

Case 1:13-cv-01508-RC    Document 39    Filed 02/06/15    Page 4 of 8

which . . . resulted in [his] conviction in United States v. Rachuy, Western District of Wisconsin, 10-cr-141-wmc." Hardy Decl., Ex. A at 1.  A search of the FBI's Central Records System yielded approximately 1,216 pages of records deemed potentially responsive to the request, which had been designated FOIPA Request No. 1204483.  *Id.* ¶¶ 9-10.

The FBI ultimately "reviewed 1,179 pages of records," and on December 18, 2013, it "released 798 pages of records in full or in part, and released the same pages, on a CD, to plaintiff's wife," *id.* ¶ 16, as plaintiff had directed, *id.* ¶ 11. [2]  Although the FBI provided the CD at no cost to plaintiff, it assessed a fee of $79.80 for copying 798 pages of records.  *Id.* ¶ 16 & n.2.  Plaintiff was directed to remit payment within thirty days, and was further advised that "non-payment . . . would result in the closing of any pending FOIPA request from him, including this one, and an automatic denial of any future FOIPA requests."  *Id.* ¶ 16; *see id.*, Ex. H (Letter to plaintiff from David M. Hardy dated December 18, 2013) at 2.  The FBI also advised plaintiff that he could appeal the determination to the DOJ's Office of Information Policy.  *Id.*, Ex. H at 2.

The FBI's search also yielded records which had originated at the EOUSA.  *Id.* ¶ 19.  The FBI referred these materials to the EOUSA.  *Id.* ¶¶ 17, 19.

### 2.  FOIPA Request Nos. 1243802 and 1243802-001

In the course of processing Request No. 12-2504, the EOUSA located documents and three audio CDs which it referred to the FBI "for consultation."  *Id.* ¶ 17.  FBI staff "extracted all documents which contained FBI information" and assigned the matter FOIPA Request No.

---

[2]  Plaintiff contends that neither he nor his wife received a CD from the FBI.  *See* Plaintiff's Memorandum of Law in Opposition of Dismissal or Alternatively Summary Judgment, ECF No., 30 at 2; Declaration of Gale A. Rachuy Concerning Fees and Supplemental Records, ECF No. 31 ("Pl.'s Decl.") ¶ 4.  The record reflects that plaintiff requested paper copies and that, according to plaintiff's instructions, the FBI mailed these copies to him at his prison address, *see* Hardy Decl. ¶ 11 & Exs. D & H.  Further, the record reflects that plaintiff's wife had moved away from the address provided by plaintiff before the FBI mailed a CD to her.  *See* Pl.'s Decl. ¶ 4.

1243802.  *Id*.  The remaining records were returned to the EOUSA on or about December 17,

2013.  *Id*.  The FBI reviewed 1,644 pages of records, released 150 pages of records in full or in

part to plaintiff, and released copies of these same pages to plaintiff's wife on a CD.  *Id*. ¶ 18; *see*

*id*., Ex. J (Letter to plaintiff from David M. Hardy dated January 31, 2014).

A separate referral of records to the FBI from the EOUSA in April 2014 was assigned

FOIPA Request No. 1243802-001.  *Id*. ¶¶ 20-21.  The FBI notified "plaintiff that it would not

release documents associated with this referral until [he] paid for the duplication fees associated

with his FOIPA Requests Nos. 1204483, 1243802, and prepaid the duplication fees associated

with FOIPA Request No. 1243802-001."  *Id*. ¶ 21.  At that time, plaintiff had not paid fees

assessed for the FBI's December 2013 release of records ($79.80), had not paid fees for its

January 2014 release records to plaintiff and his wife ($30.00), and had incurred an additional

fee associated with the second referral from the EOUSA ($39.90).  *See id*., Ex. K (Letter to

plaintiff from David M. Hardy dated April 29, 2014).  As of July 24, 2014, the date of  the FBI's

supporting declaration, plaintiff had not responded and, "[c]onsequently, the FBI closed

plaintiff's request . . . ."  *Id*. ¶ 22.

## II.  DISCUSSION

### A.  *Summary Judgment in a FOIA Case*

A FOIA case is "typically and appropriately . . . decided on [a] motion[] for summary

judgment."  *DeSilva v. U.S. Dep't of Hous. & Urban Dev.*, __ F. Supp. 2d __, __, 2014 WL

1389571, at *2 (D.D.C. Apr. 10, 2014) (citation omitted).  The Court grants summary judgment

if the movant shows that there is no genuine dispute as to any material fact and that it is entitled

to judgment as a matter of law.  Fed. R. Civ. P. 56(a).  Summary judgment in a FOIA case may

be based solely on information provided in an agency's supporting affidavits or declarations if

they are relatively detailed and when they describe "the documents and the justifications for nondisclosure with reasonably specific detail . . . and are not controverted by either contrary evidence in the record [or] by evidence of agency bad faith." *Military Audit Project v. Casey*, 656 F.2d 724, 738 (D.C. Cir. 1981).  "To successfully challenge an agency's showing that it complied with the FOIA, the plaintiff must come forward with 'specific facts' demonstrating that there is a genuine issue with respect to whether the agency has improperly withheld extant agency records." *Span v. U.S. Dep't of Justice*, 696 F. Supp. 2d 113, 119 (D.D.C. 2010) (quoting *U.S. Dep't of Justice v. Tax Analysts*, 492 U.S. 136, 142 (1989)).

### B.  Exhaustion of Administrative Remedies

"Exhaustion of administrative remedies is generally required before seeking judicial review" under FOIA, *Wilbur v. CIA*, 355 F.3d 675, 677 (D.C. Cir. 2004) (per curiam), in order that an agency have "an opportunity to exercise its discretion and expertise on the matter and to make a factual record to support its decision," *id.* (quoting *Oglesby v. U.S. Dep't of the Army*, 920 F.2d 57, 61 (D.C. Cir. 1990)).  If a requester has not exhausted his administrative remedies prior to the filing of a civil action in district court, his claim is subject to dismissal.  *See Hidalgo v. FBI*, 344 F.3d 1256, 1258 (D.C. Cir. 2003).[3]  "Exhaustion [of administrative remedies] does not occur until the required fees are paid or an appeal is taken from the refusal to waive fees." *Oglesby*, 920 F.2d at 135; *see* 28 C.F.R. § 16.11(a) (directing a requester to pay "all applicable fees before [the agency sends] copies of requested records to [him]").

---

[3]  The District of Columbia Circuit instructs that "[a] FOIA plaintiff's failure to exhaust administrative remedies before filing a civil action is properly treated as a failure to state a claim upon which relief may be granted" under Fed. R. Civ. P. 12(b)(6).  *Saldana v. Fed. Bureau of Prisons*, 715 F. Supp. 2d 10, 18 (D.D.C. 2010) (citing *Hidalgo*, 344 F.3d at 1260).  Because parties submit and the Court considers matters outside of the pleadings, the Court treats defendant's motion as one for summary judgment.  *See* Fed. R. Civ. P. 12(d), 56.

Defendant argues that "[p]laintiff's claim with respect to his FOIA requests should be dismissed because he has failed to pay the required fees and, therefore, failed to exhaust his administrative remedies."  Def.'s Mem. at 5; *see id.* at 7-10.  Plaintiff counters that defendant's motion is "based on false and fabricated allegations . . . that [p]laintiff had not responded to the Notices that were received from Asst. Director, of the EOUSA, Susan B. Gerson."  Plaintiff's Memorandum of Law in Opposition of Dismissal or Alternatively Summary Judgment, ECF No. 30 ("Pl.'s Opp'n") at 1.

With respect to his FOIA request to the EOUSA, plaintiff explains that he had responded to correspondence the EOUSA sent to him, *id.* at 1-2, submitting copies of letters he sent to Mr. Luczynski and Ms. Gerson, *see* Declaration of Gale A. Rachuy Concerning Fees and Supplemental Records, ECF No. 31, Exs. A, C (respectively, letter to David Luczynski from plaintiff dated May 19, 2014, and letter to Susan B. Gerson from plaintiff dated June 19, 2014). Neither letter is responsive to the content of the EOUSA's correspondence, however.   In his letter to Mr. Luczynski, for example, plaintiff purportedly agrees to pay search and copy fees, yet he conditions his agreement on the content of the records by flatly refusing to pay for "blank pages."  *Id.*, Ex. B.  He asserts in his letter to Ms. Gerson that "there is nothing to appeal" administratively to the OIP because by then he already had filed this lawsuit.  *Id.*, Ex. C.

With respect to the FBI documents, plaintiff objects not only to the long delay in receiving responsive records, but also to the quality of the records he did receive: according to plaintiff, "of the 200 pages [received in response to his November 2012 request], most are unable to be read where they have been redacted and are worthless."[4]  Pl.'s Opp'n at 3.  In addition, plaintiff "will not pay for Defendant's reproduction of the same identical documents," that is,

---

[4]   Plaintiff's remedy for documents he deems worthless to over-redaction is to challenge the redactions pursuant to the FOIA, not to refuse to pay for the copies.

duplicates of the same records he already had received.[5]  Plaintiff's Response to Defendant's Motion to Dismiss or in the Alternative, for Summary Judgment, ECF No. 38 at 1 (emphasis removed).

Plaintiff's dissatisfaction with the delay in receipt of documents and the quality of those documents does not relieve him of his obligation to pay fees, and he remains obligated to pay fees even after having filed a lawsuit.  *See Jones v. U.S. Dep't of Justice*, 653 F. Supp. 2d 46, 49 (D.D.C. 2009) (quoting *Maydak v. U.S. Dep't of Justice*, 254 F. Supp. 2d 23, 50 (D.D.C. 2003)); *Trueblood v. U.S. Dep't of the Treasury*, 943 F. Supp. 64, 68 (D.D.C. 1996).  In response to defendant's showing, plaintiff does not demonstrate that he actually paid any part of the requested fees.  Plaintiff fails to meet his burden on summary judgment, and because defendant demonstrates plaintiff's failure to exhaust his administrative remedies through compliance with the agency's fee regulations, summary judgment is appropriate.  *See, e.g., Tereshchuk v. Bureau of Prisons*, 851 F. Supp. 2d 157, 162 (D.D.C. 2012); *Antonelli v. Bureau of Alcohol, Tobacco, Firearms & Explosives*, 555 F. Supp. 2d 16, 23 (D.D.C. 2008).

## III.  CONCLUSION

The Court will grant defendant's motion on the ground that plaintiff failed to exhaust his administrative remedies prior to filing this civil action.  An Order accompanies this Memorandum Opinion.

DATE:  February 5, 2015

/s/
RUDOLPH CONTRERAS
United States District Judge

---

[5]  Plaintiff has not demonstrated by reference to Bates numbers or otherwise that the government has requested payment for multiple copies of the identical documents contained in its files.  Of course, multiple copies of a document may exist in a file.  But FOIA does not require that an agency de-duplicate a file (i.e., remove duplicates) before it makes copies in response to a request.